UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| EMMETT PAUL MOBLEY, III, | ) |
| Plaintiff, | ) Civil Action No. 10-32-JBC |
| vs. | ) |
| STATE OF KENTUCKY; | ) |
| S. MARIE HELLARD; and | ) **MEMORANDUM OPINION** |
| SUZANNE BAUMGARDNER, | ) **AND ORDER** |
| Defendants. | ) |

***** ***** *****

Plaintiff Emmett Paul Mobley III is a physician residing in the State of Hawaii who identifies Kentucky as his domicile. On December 4, 2009, Mobley filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the Commonwealth of Kentucky and S. Marie Hellard, an attorney retained by his wife to initiate divorce proceedings in the Circuit Court of Fayette County, Kentucky. In that action, Mobley sought injunctive relief preventing the state court from entering orders regarding the division of marital property which Mobley contended would violate his constitutional rights.

On December 16, 2009, this Court entered a Memorandum Opinion and Order in which it concluded that as a federal court it must abstain from exercising its subject matter jurisdiction to avoid unnecessary interference with ongoing state proceedings pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The Court therefore dismissed the Complaint without prejudice, an order which Mobley did not appeal. *Mobley v. Kentucky*, No. 09-392-JBC (E.D. Ky. December 16, 2009) (slip opinion).

Mobley filed his Complaint in this second action on February 1, 2010. [R. 2]

Although Mobley has changed certain particulars, the essence of his Complaint remains unchanged: that actions taken by the circuit court judge presiding over his divorce proceedings violate his due process rights under the Fourteenth Amendment to the Constitution of the United States, and he asks this Court to enjoin any further proceedings in the state court until he has obtained appellate review of those actions in the Kentucky Court of Appeals. [R. 2 at pgs. 19-21]

The Court has reviewed the Plaintiff's Complaint and the material filed in support thereof, and again concludes that it must abstain from exercising subject matter jurisdiction over the Complaint. Commensurate with its obligation under Federal Rule of Civil Procedure 12(h)(3) to determine whether it lacks subject-matter jurisdiction, a district court may consider, on its own motion, the applicability of either the *Rooker-Feldman* doctrine or abstention under *Younger v. Harris*, 401 U.S. 37 (1971). *ADSA, Inc. v. Ohio*, No. 04-4525, 2006 WL 1008319, at * 2 (6th Cir. April 18, 2006); *Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534, at *1 (6th Cir. September 24, 2003). Even where a district court possesses subject-matter jurisdiction over civil rights claims pursuant to 28 U.S.C. § 1331 or 1343(3), the court should abstain from hearing a claim if doing so would interfere with ongoing state judicial proceedings, particularly those involving divorce or child custody. *Moore v. Sims*, 442 U.S. 415, 423, 435 (1979); *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir.), *cert. denied*, 513 U.S. 870 (1994). At the time Mobley filed this Complaint, divorce proceedings remained ongoing in the Fayette Circuit Court. There is no question that the relief requested by Mobley, an order enjoining further proceedings in the state court, would interfere with the state court's timely and orderly handling of those divorce proceedings. While Mobley asserts that the actions of the Fayette Circuit Court judge have

violated his constitutional rights, there is no question that he may obtain full review of those actions, including his constitutional claims, on direct appeal to the Kentucky Court of Appeals. To the extent that Mobley asserts that he will suffer irreparable injury pending such plenary review, the Kentucky courts permit a party to stay the effect of a judgment pending review through supersedeas bond (*see* CR 73.04) which adequately protects against such harm upon a sufficient showing by Mobley. Nor has Mobley made any plausible showing that the Kentucky court system is unable or unwilling to protect his rights under the Constitution of the United States. *Kelm v. Hyatt*, 44 F.3d 415, 420-21 (6th Cir. 1995). Due respect for the right and ability of the Kentucky courts to fully protect his rights and adjudicate his claims requires the Court to abstain from exercising jurisdiction over his claims. *Meyers v. Franklin County Court of Common Pleas*, 2001 WL 1298942, at * 4 (6th Cir. August 7, 2001). The Court will therefore dismiss his Complaint without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Complaint [R. 2] is **DISMISSED WITHOUT PREJUDICE**.
2. The Court will enter an appropriate Judgment.

Signed on May 19, 2010



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY